**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Andersen Corporation and Eagle Window & Door Manufacturing, Inc.,

Plaintiffs and Counterclaim Defendants,

v.

ATS Ohio, Inc.,

Defendant and Counterclaim Plaintiff,

and

ATS Corporation,

Defendant.

File No. 25-CV-4082 (JMB/SGE)

**SEALED ORDER**

---

Aaron Mills Scott, Mark P. Schneebeck, and Natalie I. Uhlemann, Fox Rothschild LLP, Minneapolis, MN, for Plaintiffs Andersen Corporation and Eagle Window & Door Manufacturing, Inc.

Brian Melendez and Autumn C. Gear, Barnes & Thornburg LLP, Minneapolis, MN, for Defendants ATS Ohio, Inc. and ATS Corporation.

---

This matter is before the Court on Defendant ATS Corporation's motion pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction. (Doc. No. 11.) Because Plaintiffs Andersen Corporation (Andersen) and Eagle Window & Door Manufacturing, Inc. (Eagle) (together, with Andersen, Plaintiffs) make a prima facie showing that ATS Corporation consented to jurisdiction, the Court denies the motion.

## BACKGROUND

This case is a contract dispute over the development and delivery of automated

equipment for the assembly line at a window factory. (*See* Doc. No. 1-1 [hereinafter, "Compl."] ¶¶ 1–2.)

As of March 29, 2018, Andersen entered into a mutual confidentiality agreement with ATS Corporation,[1] a company based in Ontario, Canada (Confidentiality Agreement). (*Id.* ¶ 7; Doc. No. 32 ¶ 4; Doc. No. 32-1.) Andersen and ATS Corporation entered into the Confidentiality Agreement to govern their future joint business endeavors. (Doc. No. 32 ¶ 4; *see also* Doc. No. 32-1 ¶ 2 (providing that information shared pursuant to the agreement would be used "for the exclusive purpose of conducting business with [the party sharing the information] (or evaluating the possibility of conducting business with [them]").) In Section 13 of the Confidentiality Agreement, the parties agreed that they "submit to the jurisdiction of the courts of the State of Minnesota, USA, including the federal district courts located within the state, in relation to any dispute between them arising out of or in connection with this Agreement or its subject matter or formation (including but not limited to non-contractual disputes or claims)" and that they "consent to personal jurisdiction of such courts." (Doc. No. 32-1 ¶ 13.)

On or about February 21, 2020, Andersen entered into a contract with ATS Corporation's wholly owned subsidiary and co-defendant, ATS Ohio, Inc. (ATS Ohio), for ATS Ohio to design, produce, and deliver certain equipment or goods. (Compl. ¶¶ 6, 15; *see also* Doc. No. 13 ¶ 2(b); Doc. No. 32-2 at Art. 3.) That contract, the Master Engineering

---

[1] ATS Corporation was formerly known as ATS Automation Tooling Systems Inc. (Doc. No. 13 ¶ 2(a); *see also* Compl. ¶ 7.)

Services and Equipment Purchase Agreement (MESA), provided that work on projects would be started and completed as specified in documents titled "Exhibits." (Doc. No. 32-2 at Art. 3.) In one such project document, dated March 4, 2022 and referred to by the parties as "Exhibit #6" (Doc. No. 32-7), "ATS"[2] agreed to develop and deliver automated equipment to Andersen's affiliate, Eagle, for the production of windows in the E-Series product line at Eagle's Dubuque, Iowa facility. (*See* Compl. ¶¶ 1–2, 15–16.) ATS Corporation signed the MESA as a party only as to Article 34.2, which related to a non-compete provision in the MESA. (*Id.* at 1, 17.) The MESA incorporates the terms of the Confidentiality Agreement by reference and also provides that "[a]s an affiliate of" ATS Corporation, ATS Ohio "agrees that it is bound by the terms of the Confidentiality Agreement." (Doc. No. 32-2 at Art. 18.2.)

After various issues and disruptions occurred, Plaintiffs filed this action in Minnesota state district court in September 2025. (Doc. No. 1-1.) Defendants later removed the action to federal district court on the basis of diversity jurisdiction. (Doc. No. 1.) Plaintiffs allege that "ATS" breached the MESA and Exhibit #6 by, among other things, failing to meet multiple deadlines and stopping work on the project, culminating in failing to deliver any of the assembly equipment long after the deadlines had passed. (Compl.

---

[2] The Complaint often refers generally to "ATS," which is defined to include both ATS Ohio and ATS Corporation. (Compl. at 1.) Exhibit #6 itself states that it is "made and entered into by and between Eagle . . . and ATS Ohio . . . ." (Doc. No. 32-7 at ECF p.7.) ATS Ohio and ATS Corporation dispute that ATS Corporation agreed to perform the MESA or Exhibit #6 as alleged. (Doc. No. 36 at 6–7.) For purposes of this Order, the Court need not address which entity or entities is included by the general reference to "ATS" in Exhibit 6.

¶¶ 20–21, 34.) Plaintiffs allege that ATS Corporation is liable for these breaches based on an alter ego, veil piercing theory. (*Id.* ¶ 35; *see also id.* at 9.) ATS Ohio answered.

**DISCUSSION**

ATS Corporation moves for dismissal from this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. No. 11.) However, because Plaintiffs have shown that specific personal jurisdiction[3] exists on the basis that ATS Corporation consented to jurisdiction, the Court denies the motion.

"The burden of proof is on a plaintiff seeking to establish the district court's jurisdiction; this burden does not shift because the defendant challenges jurisdiction." *Hawkeye Gold, LLC v. China Nat'l Materials Indus. Imp. & Exp. Corp.*, 89 F.4th 1023, 1030 (8th Cir. 2023). However, to survive a timely motion to dismiss for lack of personal jurisdiction, the plaintiff need only "make a prima facie showing that personal jurisdiction exists by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state, which may be shown by submitting affidavits and exhibits supporting or opposing the motion." *Id.* (quotation omitted). Where the Court in its discretion does not hold an evidentiary hearing and instead considers jurisdictional evidence in the form of written submissions, it "must view the evidence in the light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor." *Id.* (quotation omitted). In that procedural posture, the Court may find by a preponderance of the evidence that it lacks jurisdiction. *Id.* at 1031.

---

[3] The parties agree that the Court must decide whether it can exercise specific, not general, personal jurisdiction over ATS Corporation. (*See* Doc. No. 12 at 3–4; Doc. No. 29 at 12.)

In a diversity action, a federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011) (quotation omitted). Because Minnesota's long-arm statute, Minn. Stat. § 543.19, "reaches as far as the Constitution allows, the Court need only consider whether exercising personal jurisdiction over [the defendant] is consistent with due process." *Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1015 (D. Minn. 2008). For a court to have personal jurisdiction over a defendant, the defendant must have "purposefully establish[ed] 'minimum contacts' in the forum state such that asserting personal jurisdiction and maintaining the lawsuit against the defendant does not offend 'traditional conceptions of fair play and substantial justice.'" *Hawkeye Gold*, 89 F.4th at 1032 (quotation omitted). To assess minimum contacts, courts analyze "five factors and the totality of the circumstances." *Id.*

However, the factor-based totality-of-the-circumstances analysis is not necessary if a nonresident defendant consented to personal jurisdiction. *ProMove, Inc. v. Siepman*, 355 F. Supp. 3d 816, 821 (D. Minn. 2019); *Rykoff-Sexton, Inc. v. Am. Appraisal Assocs., Inc.*, 469 N.W.2d 88, 90 (Minn. 1991). This is because "[d]ue process is satisfied when," for example, "a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause." *ProMove, Inc.*, 355 F. Supp. 3d at 821.

Plaintiffs, pointing to the forum-selection clause in the Confidentiality Agreement, argue that ATS Corporation consented to personal jurisdiction in this action. ATS Corporation admits that it entered into the Confidentiality Agreement but argues that this

action does not fall within the scope of its forum-selection clause. (*See* Doc. No. 43 at 9–11.) The Court agrees with Plaintiffs.

Here, the Confidentiality Agreement includes a broad forum-selection clause concerning disputes arising out of or in connection with the Confidentiality Agreement, which provides, in relevant part, as follows:

> The Parties (a) submit to the jurisdiction of the courts of the State of Minnesota, USA, including the federal district courts located within the state, in relation to any dispute between them arising out of or in connection with this Agreement or its subject matter or formation (including but not limited to non-contractual disputes or claims); [and] (b) consent to personal jurisdiction of such courts[.]

(Doc. No. 32-1 ¶ 13.) Courts regularly construe the phrase "arising out of or in connection with" as broad contractual language. *E.g.*, *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1106 (8th Cir. 2018) (describing the phrase "any claim, cause or proceeding or suit . . . arising out of, or in connection with" as "broad language"); *In re Fitzgerald Marine & Repair, Inc.*, 619 F.3d 851, 861 (8th Cir. 2010) (discussing cases in which courts have found that the phases "arising in connect[ion] herewith" and "arising out of or in connection with" should be "broadly construed" and given "broad effect" (citations modified)). Therefore, the Court gives broad effect to the phrase "or in connection with," and to the express extension of the forum-selection provision to include contractual disputes—as well as "non-contractual disputes or claims"—connected with the "subject matter or formation" of the Confidentiality agreement. (Doc. No. 32-1 ¶ 13.)

Turning to the claims asserted in this litigation, the Court concludes that Plaintiffs have made a prima facie showing that the forum-selection provision extends to the dispute

at hand. The Confidentiality Agreement relates to "conducting business" or "evaluating the possibility of conducting business" between Andersen, ATS Corporation, "and all of their present and future parent, subsidiary, and affiliated companies." (*Id.* at Preface & ¶ 2.) The dispute at issue concerns business between (at least) these companies' affiliates, as confirmed by the wholesale incorporation of the Confidentiality Agreement into the MESA. (Doc. No. 32-2 at Art. 18.2 ("[T]he actions of the parties hereunder are also governed by the rights and obligations of the [Confidentiality Agreement], the terms of which are incorporated into this Agreement by reference.").) A dispute such as the one at hand over the alleged breach of the MESA by ATS Ohio and ATS Corporation necessarily arises "in connection with" the Confidentiality Agreement.

Thus, when the evidence is viewed in the light most favorable to Plaintiffs, Plaintiffs have made a prima facie showing that the forum-selection clause applies and, consequently, that ATS Corporation "consent[ed] to personal jurisdiction of" courts, including federal courts, in Minnesota.[4] (Doc. No. 32-1 ¶ 13.) Therefore, the Court denies ATS Corporation's motion to dismiss for lack of personal jurisdiction.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant ATS Corporation's Motion to Dismiss (Doc. No. 11) is DENIED.

---

[4] Because the Court determines that ATS Corporation has consented to jurisdiction in this action, the Court does not reach the parties' arguments about the application of the minimum-contacts multi-factor test or about corporate veil piercing.

2. This Order shall be unsealed in its entirety 30 days from the date it is filed, unless the parties show in writing good cause to keep specific portions of the Order under seal. Accordingly, the parties shall promptly meet and confer regarding any redactions that may be required to protect confidential information referred to in this Order, and shall file a joint letter and proposed redacted order within 14 days from the date this Order is filed, identifying with specificity the redactions they believe are required and the basis for those redactions.

Dated: August 4, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court